AARON LOVELAND *vs.* PIERCE BURTON, JOHN WRIGHT, and HARVEY BURTON.

WINDSOR, *February,* 1829.

Loveland *vs.* Burton et al.

When an appeal is granted in a case where no appeal is given by law, or the appeal is irregularly or informally taken, and is dismissed by the appellate court, the dismissal annuls the appeal, *ab initio,* and leaves the judgement in force, and execution may issue upon it as if no appeal had been taken.

The adjudication of the county court dismissing an appeal to it from a judgement rendered by a justice of the peace, is conclusive until reversed on a writ of error, or on removal of the cause to the Supreme Court.

This was an action of *trespass* for taking and carrying away a sleigh, the property of the plaintiff, of the alleged value of fifty dollars. The defendants pleaded in justification, That the *Norwich* fire company had recovered a judgement against the plaintiff before the defendant, *Pierce Burton,* a justice of the peace, for $2 02 damages; and $2 00 cost ; that afterwards an execution was duly taken out on said judgement by the defendant, *Wright;* who was the attorney for said company; signed by said justice of the peace, which execution was subsequently delivered to an officer by the defendant, *Harvey Burton,* then clerk of said fire company, and that by virtue of said execution the officer had taken and sold the property in question.

The plaintiff replied, That the judgement mentioned in defendants' plea was rendered in a prosecution for a penalty claimed by said fire company for an alleged offence against their bye-laws ; and that after the rendition of the judgement *Loveland* moved for an appeal therefrom to the next county court, which was allowed by the said justice *Burton.*

The defendants rejoined, That the county court to which said appeal was brought, on motion of the counsel for said fire company, dismissed the appeal on the ground that, the cause not being appealable, the court had no jurisdiction, and could not take cognizance of the cause.

To this rejoinder the plaintiff demurred. The county court decided that the rejoinder was sufficient in law, and rendered judgement against the plaintiff, and he appealed to this Court for a revision of said judgement.

*Mr. Loveland, pro se.*—When an appeal is duly taken, the judgement appealed from is thereby vacated, and ceases to have any force.—5 *Mass. Rep.* 376, *Campbell* vs. *Howard.*—13 *Id.* 265, *Keen* vs. *Turner, Ex'r.*—The plaintiff insists that his appeal from the judgement of justice *Burton* was regularly taken ; and this seems to be admitted by the pleadings. This judgement was recovered in a prosecution by a coporation for a penalty

Windsor,
February,
1829.

Loveland
vs.
Burton et al. under their bye-laws : but the statute, which takes away the right of appeal in certain cases, expressly reserves it " in any prosecution for a *fine* or *penalty.*" But the defendants say that the appeal was dismissed by the county court for want of jurisdiction. The main question then is, did this decision of the county court, dismissing the appeal, revive the judgement appealed from, and restore to it the form and validity which had been lost by the appeal? For the effect of the justice's judgement was not suspended merely, but wholly lost and destroyed by the appeal, (see *Keen* vs. *Turner, sup.)*—The county court was authorized to render a new judgement in the case, to hear and determine the cause without further appeal or review, and execute its own judgement; but had no controuling power over the justice ; nor is it perceived how its decision could revive or give effect to the judgement appealed from. The county court, in this case, did not hear and determine the question brought before them by the appeal ; but refused and dismissed it, without hearing and without costs, which had the effect of a discontinuance or stay of proceedings in the case; and must leave the judgement of the justice as it was left by the appeal, wholly inoperative and no justification to the defendants.

*Mr. Wright, for defendants.*—1. The defendants insist that the original action was not appealable, as the exception to the final jurisdiction of a justice of the peace, (ten dollars,) does not include this case.

That exception is a prosecution for a fine or penalty, and is intended only for such penalties and fines as arise from the general laws of the state. Those small forfeitures made by corporations for their internal regulation are not here intended. The word *prosecution* shows that something criminal was intended : but to recover these forfeitures, debt would be sustainable, and it would not require even a certificate of the true time of commencement, necessary by our statute in penal *prosecutions*. Even penal actions are not criminal prosecutions, as they are amendable and transitory.

2. All the decisions of our courts are to be considered correct, and conclusive on the parties, until regularly by law reversed.—When the county court decided they had not appellate jurisdiction of this cause, the appeal was thereby reversed, and the plaintiff had no other mode to take further proceeding in the case but to take execution. Whether the county court decided the question correctly or not, it was the law of that case until reversed. The defendant, *Loveland*, might, if the decision was wrong, by error,

Windsor,
February,
1829.

Loveland
vs.
Burton et al.

*certiorari*, or *mandamus*, have procured it reversed, as the decision was a final one in the case.—*Barber* vs. *Ripley, et al.* 1 *Aik. Rep.* 80. Suppose the county court should entertain appellate jurisdiction of a cause really not appealable, could an execution be taken out on the judgement below, treating the decision of the county court as a nullity ? If so, the same party might have an execution from the justice, and another from the county court, for the same claim. If the magistrate is not to follow the decision of the county court unreversed, it must be placing him in the situation of retaining or issuing an execution at his peril, of always being subjected to a suit, by the one party or the other.

The opinion of the court was delivered by

Prentiss, J.—The question presented by the pleadings in this case is, whether the execution, set forth in the defendants' plea in bar, is a justification of the trespass complained of; or rather, whether the judgement, upon which the execution issued, was vacated or annulled by the appeal taken from it, and the execution was consequently void. There is no doubt, that when an appeal is regularly allowed, in a case in which an appeal is given by law, the judgement appealed from ceases to have any force, and no execution can issue upon it. But when an appeal is granted in a case, where no appeal is given by law, or the appeal is irregularly or informally taken, and is quashed or dismissed by the appellate court, the appeal has no operation or effect upon the judgement. The dismissal annuls the appeal *ab initio*, and leaves the judgement appealed from in force, and execution may issue upon it the same as if no appeal had been allowed. If it were otherwise, the appellee, in such case, would be without remedy, as the appellate court, when an appeal is dismissed, cannot affirm the judgement appealed from and award execution.

It appears from the pleadings in this case, that the appeal, granted from the judgement on which the execution issued, was entered in the county court, and by that court dismissed. This adjudication of the appellate court, we think, must be held conclusive, until it is reversed. Whether the appeal was given by law, or was regularly taken, was a question within the cognizance of that court, and their judgement upon it cannot be re-examined or inquired into in this collateral action. If the appeal ought to have been sustained, and the dismissal of it was erroneous, the plaintiff should have removed the cause to this Court, or brought his writ of error, and obtained a reversal of the adjudication.

Judgement affirmed.

*Loveland, pro se.*
*Wright*, for the defendants.